# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1548 | **DATE** | 3/10/2003 |
| **CASE TITLE** | Michael Dewick, Sr. vs. Maytag Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. For the reasons stated here, Maytag's Answer is stricken in its entirety, with leave being granted to file a delf-contained Amended Answer in this Court's chambers on or before March 21, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 11 2003 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/10/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN | |
| | | | mailing deputy initials | |

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```
DOCKETED
MAR 1 1 2003

MICHAEL A. DEWICK, SR. AND )
HOLLY M. DEWICK, as Parents and )
Next of Kin to MICHAEL A. DEWICK, )
JR., a minor ) No. 03 C 1548
 )
            Plaintiffs, )
 )
      v. )
 )
MAYTAG CORPORATION and )
HOME DEPOT U.S.A., INC. )
 )
            Defendants. )

## MEMORANDUM ORDER

Maytag Corporation ("Maytag") has filed its Answer to the personal injury action brought against it and Home Depot U.S.A., Inc. by Michael A. Dewick, Sr. and Holly M. Dewick by reason of serious injuries assertedly sustained by their infant son when he was burned seriously after crawling into the broiler in a Maytag gas range. Because the Answer is the type of pleading that should never be filed by any federal practitioner, defeating as it does the purposes of the notice pleading regime in the federal courts, this Court strikes it sua sponte -- but obviously with leave to replead.

To begin with, Count I Answer ¶¶ 3 through 9 reveal that counsel have either never read the second sentence of Fed.R.Civ.P. ("Rule") 8(b) or, having read it, have promptly forgotten it. Some of those paragraphs also include a meaningless demand for "strict proof," a concept totally absent

from modern pleading or practice. In both of those respects, see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill. 2001).

Next, Count I Answer ¶¶ 10 through 13, in addition to repeating the inappropriate "strict proof" demands, purport to deny the corresponding allegations in Complaint Count I. But if it is really true that Maytag can disclaim the ability to respond to all of the earlier Answer ¶¶ 3 through 9 in objective good faith, there would appear to be no way in which it can knowingly <u>deny</u> all aspects of the allegations of Count I Complaint ¶¶ 12 and 13 (although Count I Answer ¶¶ 10 and 11 may be less problematic in that respect).

Next, Maytag's first affirmative defense ("AD") to Count I asserts the Illinois statute of repose, 735 ILCS 5/13-213, as a bar to this action. Any claimed applicability of that provision must be fleshed out, however, in light of the allegation in Count I Complaint ¶ 5 that plaintiffs bought the Maytag range in the year 2001.

What has been said to this point is of course equally applicable to Maytag's responses to Complaint Count II. Accordingly, the Amended Answer required by this memorandum order must be a self-contained responsive pleading directed to the entire Complaint.

For the reasons stated here, Maytag's Answer is stricken in

its entirety, with leave being granted to file a self-contained Amended Answer in this Court's chambers (with a copy of course being transmitted to plaintiffs' counsel) on or before March 21, 2003. In addition:

> 1. Because there is no reason that the sins of Maytag's counsel should be visited on their client, they are ordered to make no charge for the services involved or for any expenses incurred in connection with the Amended Answer.
>
> 2. Maytag's counsel are further ordered (a) to send a copy of this order to their client, together with a letter notifying the client of the directive set out in the preceding paragraph, and (b) to send a copy of the latter letter to this Court (for information, not for filing).

*(signature)*
Milton I. Shadur
Senior United States District Judge

Date:  March 10, 2003