# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1548 | **DATE** | 3/10/2003 |
| **CASE TITLE** | Michael Dewick vs. Maytag Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Just as with respect to Maytag, Home Depot's Answer is stricken in its entirety, with leave being granted to file a self-contained Amended Answer in this Court's chambers on or before March 21, 2003.

(11) ■ [For further detail see

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAR 11 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 6 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 3/10/2003 | | |
| | | | date mailed notice | | |
| SN | courtroom deputy's initials | 03 MAR 11 AM 8:10 | SN | | |
| | | date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. DEWICK, SR., and )
HOLLY M. DEWICK, as Parents )
and Next of Kin of MICHAEL A. )
DEWICK, JR., a minor ) No. 03 C 1548
)
Plaintiffs, )
)
v. )
)
MAYTAG CORPORATION AND HOME )
DEPOT U.S.A., INC., )
)
Defendants. )

**DOCKETED**

**MAR 1 1 2003**

## MEMORANDUM ORDER

This Court has begun to believe that there must be a text somewhere entitled "How Not To Plead In Federal Courts," or something along those lines, to which some members of the personal injury defense bar subscribe. Just one day after Maytag Corporation ("Maytag") filed its Answer in this action -- an Answer that was chock full of basic errors that this Court promptly addressed by dictating the attached memorandum order -- its co-defendant Home Depot U.S.A., Inc. ("Home Depot") filed its own Answer that contained many of the same flaws (see its Count I Answer ¶¶ 1, 2, 5, 8 and 9) and that added a few of its own:

1. Count I Answer ¶ 6 not only violates the mandate in Fed.R.Civ.P. ("Rule") 8(b) that <u>all</u> allegations must be responded to, but it seems internally self-contradictory on top of that.

2. Count I Answer ¶ 10 also violates Rule 8(b), in



addition to which that paragraph of the Complaint is incorporated by reference into Complaint Count III, which *is* directed to Home Depot, so the Complaint's paragraph requires an answer on that ground alone.

Just as with respect to Maytag, Home Depot's Answer is stricken in its entirety, with leave being granted to file a self-contained Amended Answer in this Court's chambers (with a copy of course being transmitted to plaintiffs' counsel) on or before March 21, 2003. In addition:

1. Because there is no reason that the sins of Home Depot's counsel should be visited on their client either, they are also ordered to make no charge for the services involved or for any expenses incurred in connection with the Amended Answer.

2. Home Depot's counsel are further ordered (a) to send a copy of this order to their client, together with a letter notifying the client of the directive set out in the preceding paragraph, and (b) to send a copy of the latter letter to this Court (for information, not for filing).

Milton I. Shadur
Senior United States District Judge

Date: March 10, 2003