Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1548 | **DATE** | 6/10/2003 |
| **CASE TITLE** | Dewick vs. Maytag | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court therefore denies defendants' motion for reconsideration of its earlier dismissal of the Third Party Complaints for Contribution. It also denies defendants leave to file an amended Third Party Complaint, which would appear to seek an end run around the principle articulated in this opinion. (22-1, 25-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 1 2003 | 27 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/10/2003 | |
| | | 03 JUN 10 PM 4:41 | date mailed notice | |
| SN courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. DEWICK, SR., et al.,
etc.,

        Plaintiffs,

v.                      No. 03 C 1548

MAYTAG CORPORATION, et al.,

        Defendants.

**DOCKETED**

**JUN 1 1 2003**

MEMORANDUM OPINION AND ORDER

This personal injury action stems from a tragic occurrence in which Michael Dewick Jr., the infant son of Michael Sr. and Holly Dewick, was burned seriously after he crawled into the broiler of a Maytag gas range in the Dewicks' kitchen. About a month after Maytag Corporation ("Maytag") and Home Depot U.S.A., Inc. ("Home Depot") removed the action from the Circuit Court of Cook County to this District Court on diversity of citizenship grounds, Maytag sought leave to file what it mistakenly labeled as a counterclaim against the Dewick parents (who are not plaintiffs in their individual capacities), while Home Depot filed a Third Party Complaint seeking contribution from the parents.

After the Maytag procedural error was cleared up, the parents filed a motion to dismiss both defendants' Third Party Complaints, and this Court granted that motion orally on April 30. Maytag and Home Depot then promptly filed a motion to reconsider that dismissal, coupled with a supporting memorandum,

and shortly thereafter they sought leave to file an Amended Third Party Complaint adding some allegations of lack of due care on the part of the parents. Up to now this Court has taken both of those Maytag-Home Depot motions under advisement.

Upon further consideration, though, this Court has now determined that the appropriate course of action here is to deny the Maytag and Home Depot motions, but without prejudice to their potential reassertion if further developments in the law during the pendency of this litigation were to indicate the viability of their direct claims against the Dewick parents. This opinion elaborates on that determination.

It is of course conventional wisdom that no rights of contribution among joint tortfeasors existed at common law, so that the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 through 100/5)[1] created rights where none had previously existed. And the literal language of that statute is not only limited to situations "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property" (Section 2(a)), but it confirms that limitation by speaking of such persons' "common liability" (Section 2(b)). It would seem then that the Illinois General Assembly has created contribution rights only where each of the parties to a

---

[1] Citations to that statute will take the form "Section--," omitting the prefatory "740 ILCS 100."

contribution claim--the party seeking contribution and the party from whom contribution is sought--is liable to the tort victim.

Therein lies the rub. Although the Illinois caselaw often speaks of the ability or inability of a minor to sue his or her parents in terms of parent-child immunity, that label is only descriptive--what the cases hold is that an unemancipated minor child cannot sue his or her parent for negligence where the conduct at issue is "inherent to the parent-child relationship" (Cates v. Cates, 156 Ill.2d 76, 104, 619 N.E.2d 715, 729 (1993)), which is defined as encompassing "parental discretion in discipline, supervision and care of the child" (id., emphasis added). As Cates, id. at 105, 619 N.E.2d at 729 (emphasis again added) went on to explain:

> Our standard also allows a broader area of negligent conduct to remain immunized. Thus, under our standard, parental discretion in the provision of care includes maintenance of the family home, medical treatment, and supervision of the child. A child may attempt to sue a parent alleging that the child fell on a wet, freshly mopped floor in the home, but the immunity would bar such an action because the parent was exercising his discretion in providing and maintaining housing for the child.

This should not be misunderstood as somehow excusing any lapse of proper supervision on the parents' part by failing to keep a close watch over their infant at all times, something that might have prevented the distressing injury that has given rise

3

to the present lawsuit.[2] It rather recognizes the distinction marked out in Cates, in which an incident of the type that is at issue in this litigation is contrasted with (for example) a parent's negligent operation of an automobile, with suit on behalf of a minor child being prohibited in the former situation but permitted in the latter.

Cates' quite discursive discussion is not a model of clarity in the respect that is relevant here. But a certification of the issue to the Illinois Supreme Court, a vehicle that could eliminate any uncertainty on the subject, is not available to this federal District Court under Ill. S. Ct. Rule 20. Accordingly this Court holds that the quoted language from the seminal opinion in Cates calls for a determination that--at least at present reading--the Dewick parents are not liable to their infant child for any claimed lack of due care in the supervision of their child, so that Maytag and Home Depot may not look to them for contribution as and when either or both of those defendants is or are found liable to the minor plaintiff in this action.

This Court therefore denies defendants' motion for reconsideration of its earlier dismissal of the Third Party

---

[2] At this stage, of course, this Court has no information other than that contained in the parties' pleadings. That being so, it neither makes nor expresses any judgment about the due care or the lack of due care on the part of the Dewick parents.

4

Complaints for Contribution. It also denies defendants leave to file an amended Third Party Complaint, which would appear to seek an end run around the principle articulated in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 10, 2003