# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1548 | **DATE** | 6/4/2004 |
| **CASE TITLE** | Dewick vs. Maytag | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Maytag Corporation's motions in limine #4,11 and 12 are all denied. (60-1, 67-1, 68-1) Motions in limine #3 is granted to a limited extent. (59-1) Motion in limine #5 is denied in part and the remainder is deferred. (61-1) Motion in limine #8 is granted in part and denied in part. (64-1) Motion in limine #10 is granted.(66-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 0 7 2004 | |
| | Notified counsel by telephone. | date docketed | 72 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/4/2004 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. DEWICK, SR., et al.,       )
etc.,                                  )
                                       )
                     Plaintiffs,       )
                                       )
          v.                           )    No. 03 C 1548
                                       )
MAYTAG CORPORATION, et al.,            )
                                       )
                     Defendants.       )

DOCKETED
JUN - 7 2004

MEMORANDUM OPINION AND ORDER

Counsel for plaintiffs Michael Dewick, Sr. and Holly Dewick, as parents and next of kin to minor Michael Dewick, Jr. (collectively "Dewicks") has responded to 10 of the 11 motions in limine filed by defendant Maytag Corporation ("Maytag")[1]-- Maytag's Motion 9 was previously granted by agreement. Although Maytag has until June 14 to file its reply, certain of the motions can be resolved at this point without any need for further briefing (later opinions will of course deal with the remaining motions).

Motion 3 (Dkt. No. 59-1)

Maytag seeks "to sever and/or bifurcate the punitive damages cause of action from Plaintiff's case in chief" (M. Motion 3-1). That of course is wrong--in the federal practice there is no such

---

[1] All citations to Maytag's motions, which include statements in their support, will take the form "M. Motion __-__," with the number preceding the hyphen conforming to Maytag's numbering and the number following the hyphen indicating the page of the motion statement.

thing as a "punitive damages cause of action." Indeed, the proper characterization for federal purposes is "claim for relief" rather than "cause of action" to begin with (<u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 292 (7th Cir. 1992)), and a <u>prayer</u> for relief is not a <u>claim</u> for relief.

But for present purposes the important consideration is whether the jury should hear anything about Maytag's wealth before it decides the question of liability. In that respect this Court's general practice whenever the potential for a punitive damages award exists[2] is to provide the jury with (1) an instruction that speaks to the subject of punitive damages and identifies what a plaintiff must prove to become potentially entitled to recover them and (2) a special verdict form that reports the jury's determination as to whether plaintiff has or has not done so. Then:

    1. If the jury decides in Maytag's favor as to liability in the case, or decides in Michael Jr.'s favor in that respect but answers the special interrogatory in a way that negates any possible award of punitive damages, that will be the end of it.

    2. But if the jury not only decides in Michael Jr.'s

---

[2] Motion 2, which will be addressed after it becomes fully briefed, challenges the unavailability of punitive damages at all. To enable this Court to deal with Motions 3, 8 and 11 at this time, this opinion will assume arguendo (without deciding) a "yes" answer in that regard.

2

favor as to liability generally but also answers the special interrogatory in a way that creates a potential for punitive damages, the case continues with the introduction of evidence relevant to the punitive damages issue, with closing arguments and appropriate instructions on that subject to follow.

Accordingly Motion 3 (Dkt. No. 59-1) is granted to the limited extent specified here. Maytag's motion for severance of a broader scope is denied.

## Motion 4 (Dkt. No. 60-1)

Maytag, which has previously sought--though unsuccessfully--to defeat the claim of the real party in interest, Michael Jr., by third partying in his parents, now tries to backdoor the same result by asserting a defense of misuse of its oven by the parents. To that end Maytag seeks to call upon the decision of this Court's colleague Honorable James Zagel in May v. Rubbermaid, Inc., No. 00 C 2184, 2002 U.S. Dist. LEXIS 4404 (N.D. Ill. Mar. 18).

Quite apart from the dual impact of the principles (1) that opinions of district judges (including this one) are nonprecedential and (2) that Illinois law (which provides the rule of decision in this case) is what the Illinois courts say it is, and not what federal courts may say, Maytag misstates the ruling in May. Two apparent distinctions between May and this

case call for denial of Motion 4, and this Court so rules:

1. From both the case caption and Judge Zagel's opinion, the plaintiff in that case was the _parent_ and not the minor child (as is the situation here). Accordingly misuse of the product _by the parent_ could be a defense to her action in May. In this case, by contrast, it is the child who sues--and it is difficult to see how a crawling infant's opening of the broiler door can occasion his being held responsible for "misuse" as characterized in Gallee v. Sears, Roebuck & Co., 58 Ill.App.3d 501, 503, 374 N.E.2d 831, 834 (1st Dist. 1978):

> The misuse of a product which will constitute a bar to an action predicated upon strict liability in tort has been objectively defined as a use for a purpose neither intended nor reasonably foreseeable by the manufacturer.

2. Even were that not the case, Dewicks correctly point out that foreseeability would remain a question for determination by the jury (McCormick v. Bucyrus-Erie Co., 81 Ill.App.3d 154, 162, 400 N.E.2d 1009, 1015 (3d Dist. 1980)).

### Motion 5 (Dkt. No. 61-1)

Maytag seeks an order "barring or limiting the number of photos and/or video published to the jury depicting Plaintiff's injuries." That is the kind of issue that requires an obvious balancing between plaintiffs' need to show the nature and extent of Michael Jr.'s injury and of the pain and suffering experienced

4

by Michael Jr. (whether or not punitive damages are awarded), on the one hand, and the need on the other hand to avoid a gratuitous multiplication of such depictions that might needlessly inflame the jury and skew its deliberations.

This Court therefore denies the motion to the extent that it would bar entirely the introduction of visual depictions of Michael Jr.'s injuries (including scarring). It will later determine, when the proposed exhibits themselves are submitted for possible introduction into evidence, any extent to which some limitation of such visual evidence is appropriate.

## Motion 8 (Dkt. No. 64-1)

Here Maytag seeks to bar any reference at trial to "the pecuniary circumstances of any of the parties to this litigation" (though Maytag has captioned its motion as limited to barring its own pecuniary circumstances). In response, Dewicks have agreed that their own pecuniary circumstances (parents and child alike) "are irrelevant and should be barred," so that Motion 8 is granted to that extent. And as to Maytag, Dewicks correctly respond that Motion 8 is linked directly to Motion 11 (which seeks to bar all evidence as to Maytag's net worth), and so that aspect of Motion 8 is denied for the reasons stated here when Motion 11 is addressed.

## Motion 10 (Dkt. No. 66-1)

Maytag asks that the testimony of the Dewick parents as to

Michael Jr.'s physical capability to open the broiler door at the time of the occurrence that gave rise to this lawsuit be barred. As Dewicks understandably respond:

> Plaintiff does not seek admission of any such evidence. The fact is, he opened it.

Accordingly Motion 10 is granted without objection.

### Motion 11 (Dkt. No. 67-1)

As indicated earlier, Maytag seeks "to bar Plaintiff from introducing any evidence, comment or argument relating to the net worth of Defendant, as any such admission of evidence would be highly prejudicial to the Defendant." It seeks to call to its aid our Court of Appeals' "bedbug" decision in Mathias v. Accor Economy Lodging, Inc., 347 F.3d 665 (7th Cir. 2003), which Maytag characterizes (Motion 11-1) as holding that "an award of punitive damages based upon wealth would be discriminatory and would violate the rule of law."

That paraphrases what Mathias, id. at 677 said on the subject in reliance on the Supreme Court's teaching in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003):

> A defendant's wealth is not a sufficient basis for awarding punitive damages.

And that Mathias statement had in turn paraphrased the language in State Farm, 538 U.S. at 427:

> The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award.

It has already been said in discussing Motion 4 that in

6

diversity cases the substantive law is provided by the Illinois courts themselves, rather than by what federal courts may say about that law (subject of course to the overriding constraints that the United States Constitution may impose, as exemplified by State Farm). And in that respect the Illinois caselaw continues to teach that evidence as to a defendant's net worth, and arguments based on that evidence, are appropriate to place before a jury that is asked to award punitive damages (see, e.g., Proctor v. Davis, 291 Ill.App.3d 265, 286, 682 N.E.2d 1203, 1216 (1st Dist. 1997) and cases cited there).

Accordingly, unless before trial the Illinois courts were to respond to the concerns addressed in State Farm (and Mathias) by modifying their existing doctrine, this Court will admit evidence as to Maytag's net worth. It should be understood, however, that this Court will monitor any potential award of punitive damages by giving careful heed to the overriding constitutional constraints on such awards.

### Motion 12 (Dkt. No. 68-1)

Here Maytag advances a variant on Motion 10, this time seeking to bar the Dewick parents' testimony "regarding the physical ability or inability of Michael A. Dewick, Jr. to open alternative broiler door designs." On that score this Court cannot improve on Dewicks' response, attached as Ex. 1 to this opinion. That response is fully persuasive, and Motion 12 is

7

denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 4, 2004

## RESPONSE TO MOTION *IN LIMINE* NO. 12

1. Defendant's Motion *in Limine* No. 12 seeks to bar testimony from Michael and Holly Dewick regarding the physical ability of Michael A. Dewick, Jr. to open the alternative broiler door designs.

2. Michael and Holly Dewick have both inspected the new Maytag broiler door design which substantially increases the amount of force necessary to open the broiler door.

3. In doing so, Michael and Holly Dewick became familiar by opening and closing that broiler door numerous times themselves, with the amount of force it would to take to open that broiler door.

4. As parents of Michael Dewick, Jr., Michael and Holly Dewick Dewick are both extremely familiar with the physical capabilities of their son, Michael Dewick, Jr., as those capabilities existed as of the time of this accident.

5. Based on their familiarity with both their son's physical capabilities and the new broiler door design, both Michael and Holly Dewick will state definitively that Michael Dewick, Jr. would not have been able to open the new broiler door design back in May of 2002, the time of the accident in this case. Such testimony is not speculative. This testimony is based upon their knowledge of the physical capabilities of their son and their knowledge of the physical characteristics of this product. Therefore, such testimony complies with Federal Rule of Evidence 701 which requires that lay witness testimony be "rationally baed on the perception of the witness."

WHEREFORE, plaintiff respectfully requests that defendant's Motion *in Limine* No. 12 be denied.