# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1548 | DATE | 7/21/2004 |
| CASE TITLE | Michael Dewick, Sr. vs. Maytag Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Maytag's objection to P. Ex. 5 is overruled. Maytag's objection to the P. Ex. 6 photograph is also overruled. As to P. Exs. 71 through 73 ruling is deferred until trial. Maytag's objection to P. Exs. 9 and 10 is denied in limine. Maytag's objection to P. Ex 27 is overruled, for the exhibit is clearly relevant. Maytag's objection to the large group of photographs comprising P. Exs. 31 through 51 is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 22 2004 date docketed | 76 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7/21/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. DEWICK, SR., et al., )
etc., )
 )
          Plaintiffs, )
 )
     v. ) No. 03 C 1548
 )
MAYTAG CORPORATION, et al., )
 )
          Defendants. )

MEMORANDUM OPINION AND ORDER

In accordance with this Court's June 21, 2004 entry of its final pretrial order and an accompanying minute order, counsel for the litigants have identified certain of their respective objected-to exhibits as calling for in limine determination, rather than having the rulings on those objections deferred until trial. In turn counsel for plaintiffs ("Dewicks," as in all prior opinions), have submitted a letter in response to the ruling request by defendant Maytag Corporation ("Maytag"). This memorandum order addresses those plaintiffs' exhibits ("P. Ex. --"), with a corresponding memorandum order to be issued when the parties have had their say as to the objected-to Maytag exhibits.

Maytag's objection to P. Ex. 5 is overruled. Because that exhibit is not being admitted for its truth, but rather to demonstrate notice to Maytag of the Drozd injury, it is not vulnerable to a hearsay objection. Nor does it pose the potential for <u>unfair</u> prejudice, so as to bring Fed. R. Evid.

("Rule") 403 into play (objecting counsel too frequently lose sight of the fact that all relevant evidence is by definition prejudicial to the party against whom it is offered, so that Rule 403 speaks only of "the danger of unfair prejudice").

Maytag's objection to the P. Ex. 6 photograph is also overruled (it is assumed here that those photographs were sent to Maytag by Drozd's counsel, either together with P. Ex. 5 or otherwise). But to avoid any unnecessary cumulativeness that might run afoul of Rule 403, what will go to the jury will be limited to the group photograph and one close-up photograph.

As for P. Exs. 71 through 73, in limine treatment of those documents appears inappropriate in light of the possible uses that have been identified in Dewicks' July 15, 2004 letter. Accordingly ruling is deferred until trial, with the present indication being that the exhibits will likely be admissible for one or more of those indicated purposes.

Maytag's objection to P. Exs. 9 and 10 is denied in limine, with the understanding that those exhibits will likely be available at trial for the purposes identified in Dewick's July 15 letter. In this instance, however, it would seem most sensible to limit the jury's access to a single document along the lines of P. Ex. 10: a summary qualifying under Rule 1006. Counsel for the parties should seek to reach agreement on the content of that exhibit, so as to provide the necessary

information for the jury without running any undue Rule 403 risk.

Maytag's objection to P. Ex. 27 is overruled, for the exhibit is clearly relevant. If Maytag is concerned as to any potential for unfair prejudice, its counsel would seem well advised to provide its agreement to the uncontested fact proposal to which Dewicks' July 15 letter refers, thus avoiding introduction of the exhibits themselves.

Finally, Maytag's objection to the large group of photographs comprising P. Exs. 31 through 51 is granted in part and denied in part. There appears to be no good reason why such a plethora of pictures is needed to demonstrate the nature and extent of Michael Jr.'s injuries and his recuperation. Any such proposed overexposure would appear to pose Rule 403 concerns. Accordingly Dewicks' counsel must be more selective, substituting a smaller number of photographs that would be adequately demonstrative of the facts sought to be proved.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 21, 2004